# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDITHA FLORES, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civil Action No.15-cv-02443 |
| ) | |
| PORTFOLIO RECOVERY ) | Honorable Edmond E. Chang |
| ASSOCIATES, LLC, ) | |
| ) | |
| DEFENDANT. ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Editha Flores ("Plaintiff"), by and through her attorneys, respectfully requests this court grant Plaintiff's Cross-Motion for Summary Judgment against Defendant Portfolio Recovery Associates, LLC as to all claims in Plaintiff's complaint and incorporates all of Plaintiff's previously filed briefing related to Plaintiff's Cross-Motion for Summary Judgment and Plaintiff's Response to Defendant PRA's Cross-Motion for Summary Judgment (Dkt. # 38, 59). Pursuant to this court's order on April 2, 2017 (Dkt. # 79), Plaintiff submits her supplemental case law and response to Defendant's Supplemental case law filed on April 25, 2017 (Dkt. #80).

### *Gubala v. Time Warner Cable and Meyers v. Nicolet Restaurant of De Pere*

Defendant first cites *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 913 (7th Cir., January 20, 2017) and *Meyers v. Nicolet Restaurant of De Pere*, 843 F.3d 724, 729 (7th Cir. 2016), arguing that these support Defendant's proposition that Plaintiff does not have standing. However, these cases do no such thing as they are completely different factual scenarios and involve completely different rights than Plaintiff's rights conferred by the FDCPA.

1

In *Gubala*, the court held the Plaintiff lacked standing where the alleged violation of the Cable Communications Policy Act was that Defendant held Plaintiff's subscription data when it should have been deleted. However, the Plaintiff failed to allege that any third-party had received the data or that the data was even at risk of being hacked and publicly disclosed. This differs from the instant case because Defendant PRA actually did communicate false information to the credit reporting bureaus about Plaintiff and her credit, unlike in *Gubala* where the only entity that had the information was the Defendant and the Plaintiff was unable to allege even the risk of harm.

*Meyers* is also inapposite here. In *Meyers*, the court found that the Plaintiff did not have standing to sue when the allegations centered solely on the Defendant's failure to truncate Plaintiff's credit card expiration date on the receipt. The court found that there was no concrete injury since Plaintiff never had the receipt out of his possession, and there was no risk of harm of any other party receiving that information. Additionally, the court found that the purpose behind the requirement that the credit card receipt be truncated was to prevent identity theft, and that congress later found that this requirement was not necessary. Thus, it was solely a procedural right without any a risk of harm.

This is simply not the case here. First, the right of a consumer to have accurate information communicated to credit bureaus by a debt collector is the very reason for 15 U.S.C. § 1692e(8), and is thus a substantive right rather than a procedural right. Even if it was a procedural right, there would still be a concrete injury since PRA's communication of false and material credit information had the potential to cause real harm to Plaintiff and her credit rating, as well as her right to ensure credit bureaus receive accurate information about her and her credit. Finally, unlike in *Meyers*, PRA actually communicated the information to third parties,

and those parties received it and included it in Plaintiff's credit report. Simply put, neither *Meyers* nor *Gubala* provide any support for Defendant's argument that Plaintiff does not have standing.

## *Sayles v. Advanced Recovery Systems*

In *Sayles v. Advanced Recovery Sys., Inc.* 2016 U.S. Dist. LEXIS 114718, (S.D. MS August 26, 2016), the court granted summary judgment for the plaintiff in a §1692e(8) claim, where the Plaintiff alleged the debt collector did not communicate a dispute to a credit reporting agency, and in finding that the Plaintiff had standing, writing;

> **Congress intended this provision of the FDCPA [§1692e(8)] to address the dissemination of false information and abusive practices employed by debt collectors. Plaintiff's alleged injury is more than a bare procedural violation, it is the very type of injury Congress sought to eradicate and thus created a right of action to protect consumers.**
>
> **Here, plaintiff's alleged injury is both particularized and concrete. Sayles alleges ARS failed to report that a debt was disputed when it reported information regarding the debts to a credit reporting agency. Plaintiff's injury is particularized because the alleged conduct--failing to report a debt was disputed--affected him in an individual way and was not a generalized grievance. Accordingly, the Court finds an injury exists that is both particularized and concrete**
>
> ***Sayles v. Advanced Recovery Sys., Inc.* at *3**

## *Gomez v. Portfolio Recovery Associates*

In *Gomez v. Portfolio Recovery Associates, LLC*, 15-cv-4499, the court first granted Summary Judgment to Plaintiff on her claim that PRA had violated 15 U.S.C. § 1692e(8). *Gomez*, 2016 U.S. Dist. LEXIS 79647 (N. D. Ill. June 20, 2016). Defendant then filed a Motion to Reconsider, focused on standing under *Spokeo*. After briefing, the court affirmed its ruling in favor of Plaintiff and wrote, in rejecting Defendant claim that the plaintiff did not have standing, "Gomez alleged that Portfolio injured her by communicating false information to others regarding her and her debt. Harm resulting from false information transmitted to others is a

3

concrete injury and beyond bare procedural violations. Gomez also has a substantive right to have accurate information communicated in regard to herself and her debt. Such false statements made by Portfolio also subjected Gomez to certain risks that further constituted a concrete injury". *Gomez*, 15-cv-4499, Dkt. #75 (N.D. Ill. Nov 3, 2016), Exhibit A, pg. 2. As a result, Plaintiff showed that she had suffered a concrete and particularized injury due to Defendant's false communications about her.

### *Evans v. Portfolio Recovery Associates*

In *Evans v. Portfolio Recovery Associates,* 2016 U.S. Dist. LEXIS 160570 (N. D. Ill. November 20, 2016), a similar case to this where the Plaintiff alleged that the Defendant failed to communicate that the debt was disputed when communicating information to consumer reporting bureaus, the court entered judgment in favor of Plaintiff. The court specifically rejected Defendant's assertion that Plaintiff did not have standing "because she [had] not claimed any actual damages." *Evans* at *. 8. The court disagreed, stating that "*Spokeo* requires 'concrete' harm, but this need not be pecuniary harm. And 'the risk of real harm' may suffice as well. *Evans* at *8. (internal citations omitted). The court additionally stated "in this case, PRA sent inaccurate information to Experian about Evans' debt-specifically, by failing to disclose that Evans disputed the debt. The presence of inaccurate information on one's credit record poses a readily apparent risk of harm, because it may lead other creditors or potential creditors to take adverse action or decline to offer credit." and thus constituted a concrete and particularized harm. *Evans* at * 8-9.

### *Paz v. Portfolio Recovery Associates*

In *Paz v. Portfolio Recovery Associates,* 2016 U.S. Dist. LEXIS 160779 (N. D. Ill. November 21, 2016), another similar case, the court found in Plaintiff's favor and found that the

Defendant had violated 15 U.S.C. § 1692e(8). The court rejected the Defendant's argument regarding Plaintiff's standing, stating "While the Court in *Spokeo* highlighted the need for an injury to be concrete, the Court also affirmed the power of Congress to "define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." *Paz* at *5. The court found that even though the Plaintiff did not allege emotional or pecuniary damages, she nonetheless had Article III standing, writing:

> **The FDCPA requires debt collectors to communicate the existence of a dispute even if the debt collector fully expects to win the dispute. The reason for these broad protections is because an incomplete credit disclosure creates the risk of an inaccurate credit rating. This risk of financial harm is a concrete harm, even though the harm was first defined and articulated by Congress. Unlike an incorrect zip code, the "bare procedural violation" in Spokeo, an inaccurate credit rating creates a substantial risk of harm. See Sayles v. Advanced Recovery Sys., Inc., No. 3:14-CV-911-CWR-FKB, 2016 WL 4522822, at *2 (S.D. Miss. Aug. 26, 2016) ("Congress intended [§ 1692e(8)] of the FDCPA to address the dissemination of false information and abusive practices employed by debt collectors. Plaintiff's alleged injury is more than a bare procedural violation, it is the very type of injury Congress sought to eradicate and thus created a right of action to protect consumers.").**

**Paz at *6**

### *Bowse v. Portfolio Recovery Associates*

In *Bowse v. Portfolio Recovery Associates*, 2016 U.S. Dist. LEXIS 151740 (N. D. Ill. November 2, 2016), the court granted summary judgment in favor of Plaintiff and rejected the Defendant's claim that the consumer did not have standing. In *Bowse*, the court wrote that "[t]he alleged harm here is the harm that results when a debt collector fails to report relevant information about a consumer debt to a third party. Even though this harm was not defined and articulated before Congress passed the FDCPA, it remains a concrete harm". *Bowse* at *5. The court additionally noted that "[o]ther courts in this District have affirmed, post-*Spokeo*, that harms identified by the FDCPA are sufficiently concrete to confer Article III standing" and cited

5

*Saenz v. Buckeye Check Cashing of Illinois*, 2016 U.S. Dist. LEXIS 127784 (N.D. Ill. Sept. 20, 2016), which noted that "nothing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer standing under Article III.

### *Quinn v. Specialized Loan Servicing, LLC*

In *Quinn v. Specialized Loan Servicing*, 2016 U.S. Dist. LEXIS 107299, (N.D. Ill. Aug. 11, 2016) the Plaintiff alleged that Defendant violated the FDCPA by, *inter alia*, making false and deceptive communications. The Defendant moved the court to dismiss, arguing that the Defendant failed to allege a concrete harm. The court rejected this, writing "[W]hile *Spokeo* held that a procedural violation of the FCRA does not necessarily give rise to an injury in fact, it does not follow that the same holds true of violations of other statutes, including the FDCPA." *Quinn* at * 10-11.

### *Caprel v. Specialized Loan Servicing*

In *Caprel v. Specialized Loan Servicing*, 2017 U.S. Dist. LEXIS 68061 (N.D. Ill., May 4, 2017), the Plaintiff alleged that he had received deceptive debt collection notice in violation of 15 U.S.C. § 1692e. The Defendant in *Caprel* argued that the Plaintiff did not have standing since he did not allege that he suffered financial injury. This court rejected that argument, writing "the Seventh Circuit has consistently found that the 'FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages' *Keele v. Wexler, 149 F.3d 589, 593 (7th Cir. 1998); see also Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1083 (7th Cir. 2013)." Caprel* at * 6. The court also found that because the Plaintiff had alleged harms that "could have caused concrete--albeit intangible--injuries" Plaintiff had pled sufficient standing. *Caprel* at * 7. Since the FDCPA separates statutory damages from actual damages, a Plaintiff

may elect to seek only statutory damages but still have an injury-in-fact sufficient to confer Article III standing.

### *Haddad v. Midland Funding*

In *Haddad v. Midland funding*, 2017 U.S. Dist. LEXIS 65503 (N. D. Ill. May 1, 2017), the Plaintiff alleged that she received a letter from the Defendant containing deceptive statements. The Defendant filed a motion to dismiss arguing that Plaintiff did not have standing as she could not prove a concrete injury. The court roundly rejected that argument, relying both on supreme court cases *Spokeo* and *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 373-74 (1982). The court found that "the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007)" *Haddad* at *8. In *Haddad*, the court also found that debtors "benefit concretely from the FDCPA's demand that their debt collectors' representations concerning the status and potential future consequences of their unpaid debts will be honest. Haddad's claim that Midland deprived him of that right alleges a concrete harm." *Haddad* at *12.

*Haddad* also addressed, and distinguished, two cases Defendant relies on in its supplement, *Meyers* and *Gubala*. The court in *Haddad* found that *Meyers* was inapposite since "the FACTA violation in *Meyers* was tangential to the ills Congress legislated against and at odds with its express judgment about the propriety of such suits. By contrast, MCM's sending misinformation to Haddad directly implicated the concerns that motivated Congress to enact the FDCPA." *Haddad* at *14. Here, like *Haddad*, Defendant's conduct was not tangential to the ills Congress legislated against, but rather directly implicated the concerns Congress had. Congress passed 15 U.S.C. § 1692e(8) to ensure that consumers who disputed a debt would have that dispute communicated to consumer reporting bureaus, if a debt collector chose to report the

alleged debt. This ensures that if a debt collector elects to communicate credit information to a third party, it must communicate the dispute since that is highly relevant information. In the instant case, PRA violated that exact harm that was legislated against; failing to communicate a dispute after a dispute has been made.

*Gubala* was also distinguished because the alleged violation simply involved a company allegedly keeping data longer than it was supposed to. Since the conduct in *Gubala* was entirely self-contained to the Defendant and Plaintiff was unable to show that any third-party had received the data or was at risk of losing the data, it caused no concrete harm to the Plaintiff. *See Haddad* at *14-16. This is unlike the current situation, where Plaintiff's harm results from communications PRA actually made to third parties, which then reflected PRA's false communications on Plaintiff's credit report.

In the instant case, Defendant's false communications caused even more harm, since Defendant's communications to the consumer reporting bureaus falsely claimed that Plaintiff had not disputed the debt. Thus, Defendant's false communications were virtually guaranteed to cause false, and material, information to appear on Plaintiff's credit report.

WHEREFORE, Plaintiff, incorporating her prior filings with this supplemental Motion for Summary Judgment respectfully requests that this court grant summary judgment to Plaintiff on her §§ 1692e and 1692e(8) claims and against Defendant's asserted defense of *bona fide* error and Deny Defendant's Cross-Motion For Summary Judgment.

Respectfully submitted,

By:    /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
THE THOMPSON FIRM, P.C.
20 N. Clark St., Suite 3100
Chicago, IL 60602
Ph: (312) 300-4167
Fx: (312) 340-5712
Bryan@bryanthompsonlaw.com

## CERTIFICATE OF SERVICE

      I, Bryan Paul Thompson, an attorney, hereby certify that on May 16, 2017, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: May 16, 2017**                                                                 Respectfully submitted,


                                                     By:     /s/ *Bryan Paul Thompson*