# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| Evelyn Gomez | ) | Case No: 15 C 4499 |
|  | ) |  |
| v. | ) |  |
|  | ) | Judge Samuel Der-Yeghiayan |
|  | ) |  |
| Portfolio Recovery | ) |  |
| Associates, LLC | ) |  |

**ORDER**

Defendant's motion for reconsideration [64] is denied.

**STATEMENT**

  This matter is before the court on Defendant Portfolio Recovery Associates, LLC's (Portfolio) motion for reconsideration. Federal Rule of Civil Procedure 59(e) (Rule 59(e)) permits parties to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).
  On June 20, 2016, this court granted Plaintiff Evelyn Gomez's (Gomez) motion for summary judgment and denied Portfolio's motion for summary judgment. Portfolio now requests that the court reconsider that ruling. Gomez argues that after the parties briefed their summary judgment motions, the Supreme Court made a ruling in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Gomez requests that this court reconsider its summary judgment ruling in light of *Spokeo*. This court issued its summary judgment ruling on June 20, 2016, and took into consideration the ruling in *Spokeo*, which had been issued on May 16, 2016. Nothing required the court to specifically cite to *Spokeo* in its ruling, particularly in light of the distinguishing factors in this case.
  In *Spokeo*, the Supreme Court addressed Fair Credit Reporting Act (FCRA) claims. *Spokeo*, 136 S. Ct. at 1545. In the instant action, however, Gomez is bringing claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* The Court in *Spokeo* made no specific ruling concerning the standing requirements for FDCPA claims. The Court in *Spokeo* reaffirmed the longstanding rule that it has "made it clear time and time again that an injury in fact must be both concrete and particularized." *Spokeo*, 136 S. Ct. at 1548. The Court

further stated that "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. In the instant action, Gomez alleged more than bare procedural violations in this case. Gomez alleged that Portfolio injured her by communicating false information to others regarding her and her debt. Harm resulting from false information transmitted to others is a concrete injury and beyond bare procedural violations. Gomez also has a substantive right to have accurate information communicated in regard to herself and her debt. Such false statements made by Portfolio also subjected Gomez to certain risks that further constituted a concrete injury. *See Spokeo*, 136 S. Ct. at 1549 (indicating that "the risk of real harm" can "satisfy the requirement of concreteness"). Portfolio has thus failed to show that this court erred in its prior ruling. Therefore, Portfolio's motion for reconsideration is denied.

Date:  11/2/16

                                                  Samuel Der-Yeghiayan
                                                  United States District Court Judge